IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT A. SMITH-BEY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:15-CT-3034-H |
| | ) | |
| OLIVER WASHINGTON, RONALD | ) | |
| MAYES, MRS. BENNETT, MR. | ) | |
| WILLIAMS, and MRS. WILSON, | ) | |
|     Defendants. | ) | |

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT A. SMITH-BEY, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:15-CT-3048-H |
| | ) | |
| RONALD MAYES, MR. GARNER, | ) | |
| MRS. PEARSON, MR. REID, and | ) | |
| MRS. BUNN, | ) | |
|     Defendants. | ) | |

### ORDER

Plaintiff, a state inmate proceeding pro se, brings these actions under 42 U.S.C. § 1983. [D.E. #1, 5:15-CT-3034-H; D.E. #1, 5:15-CT-3048-H]. Plaintiff has been granted leave to proceed without prepayment of fees. [D.E. #9, 5:15-CT-3034-H; D.E. #8, 5:15-CT-3048-H]. These matters are before the court on:

- (1) the court's own motion for consolidation pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

- (2) frivolity review pursuant 28 U.S.C. § 1915(e)(2);

- (3) plaintiff's motion for appointment of counsel, [D.E. #4, 5:15-CT-3048-H]; and

- (4) plaintiff's motion for entry of default, [D.E. #11, 5:15-CT-3034-H].

These matters are ripe for adjudication.

## COURT'S MOTION TO CONSOLIDATE ACTIONS

Rule 42(a) of the Federal Rules of Civil Procedure authorizes the court to consolidate two or more actions that involve a common question of law or fact. See Fed. R. Civ. P. 42(a). Whether to consolidate is a matter left to the court's discretion, and consent of the parties is not required. Tucker v. Kenney, 994 F. Supp. 412 (E.D.N.Y. 1998) (citing 7 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2383, at 259 & 262 (1971 & Supp. 1992)).

The above-captioned cases are related in many respects. They involve at least two of the same parties, arise from similar facts, and involve common questions of law and fact. The court determines that consolidation will promote judicial efficiency and therefore ORDERS the cases consolidated for all purposes, without prejudice to the right of any party to move for severance at a later date.

2

**FRIVOLITY REVIEW**

I. **Statement of Facts**

Plaintiff is incarcerated at Pasquotank Correctional Institution in Elizabeth City, North Carolina, and complains of physical injury suffered as a result of defendants' deliberate indifference to his housing and medical needs while he was incarcerated at Warren Correctional Institution in Manson, North Carolina.

Plaintiff alleges defendants knowingly refused to repair pipes that were spilling water into his prison cell and causing frequent flooding. On November 25, 2014, plaintiff alleges prison officials were attempting to place him in shackles when he slipped on the flooded floor, landed on his head and shoulder, and "blacked out." Plaintiff alleges prison officials demanded him to get off the floor, but he could not comply due to his injuries. Prison officials then allegedly dropped plaintiff onto the flooded floor while trying to raise him up which caused further injury to plaintiff. Plaintiff alleges he also experienced dizziness and nausea as a consequence of his injuries.

Over the following days, plaintiff alleges prison officials mistreated him further by refusing to provide proper medical care for him during a time of limited physical capacity. Plaintiff alleges due to his injury that he was unable to go to

the restroom, eat, or perform other routine activities without assistance from prison officials. Plaintiff alleges he was refused assistance to perform these basic functions and did not bathe in excess of two months. Plaintiff further alleges prison officials refused to provide meals for him in retaliation to his conduct. Lastly, plaintiff alleges irregularities in the grievance process.

**II. Court's Discussion**

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must review and dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a)-(b)(1). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (internal quotation marks omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89,

4

94 (2007) (per curiam) (internal quotation marks omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

Under the liberal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, it does not appear from the face of the complaint that plaintiff's claims against defendants are patently frivolous. See Erickson, 551 U.S. at 94.

### PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

No right to counsel exists in civil cases absent "exceptional circumstances." Whisenaut v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenaut, 739 F.2d at 163. Because this case does not present exceptional circumstances, the motion to appoint counsel [D.E. #4, 5:15-CT-3048-H] is DENIED.

### PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT

In cases governed by 28 U.S.C. § 1915, the court "shall issue and serve all process, and perform all duties..." 28

5

U.S.C. § 1915(d). Service was not made upon the defendants while the case awaited frivolity review by this court. Therefore, plaintiff's motion for default judgment is DENIED.

## CONCLUSION

For the foregoing reasons:

(1) The clerk is directed to CONSOLIDATE the above-captioned actions by administratively closing file number 5:15-CT-3048-H, designating file number 5:15-CT-3034-H as the lead case, and performing any other necessary task to consolidate these actions;

(2) Plaintiff's complaint, [D.E. #1, 5:15-CT-3034-H; D.E. #1 5:15-CT-3048-H], SURVIVES frivolity review;

(3) Plaintiff's motion for appointment of counsel, [D.E. #4, 5:15-CT-3048-H], is DENIED;

(4) Plaintiff's motion for entry of default, [D.E. #11, 5:15-CT-3034-H], is DENIED.

Accordingly, the clerk is directed to maintain management of this consolidated action pursuant to Standing Order 14-SO-02. If service pursuant to the standing order fails as to any defendant, the United States Marshal Service shall make service pursuant to 28 U.S.C. § 1915(d). The service package shall include plaintiff's complaint, [D.E. #1, 5:15-CT-3034-H; D.E. #1 5:15-CT-3048-H], and motion for preliminary injunction, [D.E.

6

#8, 5:15-CT-3034-H]. Defendants shall have 60 days from service of the complaint to file responsive pleadings.

This 24th day of June 2015.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34